Johnson, J.
It is conceded that the board of education never advertised for bids or took any other steps in the matter of building this school-house, except to levy a tax for the same, and to authorize the local directors of the district to proceed to the building of the school-house. The local board, supposing they were authorized to do so, advertised for bids, opened the same, awarded the contract to Mills, and, on the same day, entered into a written contract with him, by which they obligated the township board to pay $1,444.69 for the house when completed. The contract was repudiated by the township board, and this is an action for damages occasioned by reason of their refusal to allow him to perform the contract.
On the trial to a jury, the plaintiff, to maintain the issue on his part, that the contract was valid and binding on the township board, sought to show, by the record of the proceedings of the local board, that the law, which requires that when the cost of the building exceeds $500 it must be let to the lowest bidder after public advertisement, had been complied with. *387 This was admitted over the objection of defendant. ' The admissibility of this evidence is the sole question here. The powers of the township and local boards of education which govern’this case, are found in the act “for the reorganization and maintenance of common schools.” 70 Ohio L. 195. Section 31 declares, that “ no contract shall be binding upon any board of education, unless such contract shall have been made, or authorised to be made, at a regular or special session of said board.” The only authority for making this contract was the action of July 15, where it appears that “the board authorized the local directors of sub-district No. 12 to proceed to the building of a school-house in said sub-district; ” and the further action of Sejkember 18, when the local directors were authorized to proceed as a building committee to erect this schoolhouse. It is clear that the township and local board each acted on the assumption that as the improvement would cost more than $500, the duty of a public letting could be delegated to the local board. Acting on this construction of the law, the latter board did, so far as it was concerned, fully comply with this requirement. If this duty was one which the township board alone could discharge, and was of such a nature as that it could not be delegated, then the record and proceedings of the local board to show a compliance with the law, was incompetent to bind the township board.
By section 55 of the act, the authority to build schoolhouses is conferred upon the township board and it is made the duty of -the local boards, under such rules and regulations as the township boards may prescribe, to build, repair and furnish them, and the township boards are liable, in their corporate capacity, for all contracts made by such local boards, in accordance with the rules and regulations prescribed by township boards, or with the resolution of the board. It is provided, however, that when the cost of the improvement will exceed $500, except in cases of urgent necessity, or for the security or protection of school property, the township board shall advertise for bids, either by publication in a newspaper, if there be one in the county, or by posting notices, and let the work to the lowest responsible bidder. The minute provisions re *388 lating to the duties of the township board in letting such contracts, show that a personal trust involving judgment and discretion is imposed on it, as a corporate body, which cannot be delegated to the local directors. In the construction of this proviso, we adopt with approval, the language of counsel for the plaintiff in error.
“ The terms of this section imperatively require this duty to be performed by the Board of Education ‘ Said Board shall advertise for bids for the period of four weeks,’ etc. ‘The bids, duly sealed up, shall be filed with the clerics' ete. ‘The bids shall be opened at the next meeting of the Board, and publicly read by the clerk, and entered in full on the records of the Board? ‘None but the lowest responsible bid shall be accepted, but the Board may in their discretion accept any bid for both labor and material,’ etc. ‘When there is reason to believe that there is any collusion or combination among the bidders or a/ny number of them the bids of those concerned therei/n shall be rejected? These provisions and requirements evidently show that they must be exercised by the Board of Education, and from their nature cannot be exercised by any other authority. In this case the action of the board of local directors in assuming to act on behalf of the township board, in awarding this contract was unauthorized and void.”
The court, therefore, erred in admitting the record of the local board, showing that it did advertise and let the work.
II. But it is said the bill of exceptions does not purport to set out all the evidence, and the plaintiff may have adduced evidence showing that it was a case “ of urgent necessity or for the security and protection of school property,” in which cases a public letting may be dispensed with. To this there are several conclusive answers.
The bill of exceptions contains the record and proceedings of the township board, and the admission that that board did not advertise or let the work or make the contract, and that it took no other steps in the matter. This excludes the idea, that it had determined that it was a case of urgent necessity or for the security or protection of the school property. Again, *389 where incompetent evidence, material to the issue, is permitted to go to the jury, error prejudicial to the opposite party will be presumed, and in such a case the injured party is not bound to set out all the evidence and show he was prejudiced.
In such case, unless the bill of exceptions shows that he was not prejudiced, the judgment will be reversed. Baldwin v. Bank of Massillon, 1 Ohio St. 141; Sherer v. Piper, 26 Ohio St. 476; Lowe v. Lehman, 15 Ohio St. 179.
This rule is not in conflict with the one which requires all the evidence to be set out where it is sought to reverse for error in refusing a nonsuit, or in overruling a motion in arrest of judgment, or for a new trial on the ground that the verdict is against the evidence.

Judgment reversed and cause remanded.